UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. CROSS, et al.,<br><br>　　　　Defendant. | No. 2:23-cv-1422 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I.　Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF Nos. 5, 10. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff has led to the identification of at least three cases that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Kelly v. Islam, No. 1:18-cv-0018 DAD JDP (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim and as untimely[2] (ECF No. 12), case

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Belanus v. Clark, 796 F.3d 1021, 1023, 1027 (9th Cir. 2015) (dismissal for failure to state a cause of action upon which relief could be granted due to untimeliness constitutes a strike).

        dismissed on December 4, 2018, for failure to file an amended complaint (ECF No. 15));

2. <u>Kelly v. Elit</u>, No. 1:18-cv-0019 DAD SAB (E.D. Cal.) (case dismissed on June 25, 2018, for failure to state a claim (ECF No. 12)); and

3. <u>Kelly v. Gyorkey</u>, No. 2:11-cv-2142 WBS EFB (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim and as untimely (ECF No. 11), case dismissed on August 6, 2012, for failure to file an amended complaint and failure to state a claim (ECF No. 19)).

      All of the preceding cases were dismissed well in advance of the June 26, 2023 constructive filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." <u>Ray v. Lara</u>, 31 F.4th 692, 695 (9th Cir. 2022).

      The complaint alleges that in 2003, plaintiff was raped after being knocked unconscious and alleges numerous failures to recognize him as a rape victim or provide him with medical treatment between 2003 and 2010. ECF No. 1 at 3-4, 8-9. More recently, plaintiff alleges that the medications he takes to manage his heart condition and high blood pressure have been changed and that the medication for his blood pressure has been changed to a larger pill[3] that makes him nauseous, while that his blood thinner has been changed from a pill to an injection, and that his injection is sometimes given late.[4] <u>Id.</u> at 4-6, 8. He further claims defendants do not believe he is a rape victim; his requests to "call P.R.E.A." about the 2003 rape have been denied;

---

[3] He asserts it is the same medication just in a larger form. ECF No. 1 at 5.
[4] The injections are supposed to be given every twelve hours. <u>Id.</u> at 6.

3

defendants will not treat his chronic back pain; and shortly after he had a colonoscopy and endoscopy because of his continued rectal bleeding, his request for a rectal exam related to rectal bleeding was denied. Id. at 4-9.

The complaint largely references incidents that happened over a decade prior to its filing and defendants' disbelief that he is a rape victim based on past events, which do not establish imminent danger of serious injury. While plaintiff also appears to be attempting to claim he is not currently receiving medical care, both his allegations and attached medical records demonstrate that he is receiving treatment, just not the treatment—and specifically not the particular medications—he believes he should be receiving. See, e.g., id. at 5-6 (regarding changes to medication), 35, 41-42, 44-50 (medical records showing plaintiff was prescribed medications for his heart, high blood pressure, and pain). The complaint thus does not demonstrate that plaintiff was in imminent danger of serious injury at the time he filed the complaint, and the undersigned will therefore recommend that he be required to pay the filing fee in full or have the complaint dismissed. See Hernandez v. Williams, No. 21-cv-347 MMA KSC, 2021 WL 1317376, at *2, 2021 U.S. Dist. LEXIS 68601, at *4 (S.D. Cal. Apr. 8, 2021) ("allegations of chronic pain and claims of inadequate medical care . . . do not meet § 1915(g)'s imminent danger exception" (collecting cases)); Stewart v. Lystad, No. 2;16-cv-1439 BHS JRC, 2016 WL 6816278, at *3, 2016 U.S. Dist. LEXIS 159718, at *6 (W.D. Wash. Oct. 14, 2016) ("the imminent danger exception does not apply" where plaintiff alleged she was receiving treatment but believed treatment was insufficient (collecting cases)).

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury at that time, and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

4

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 5, 10) be DENIED.

2. Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5